MEMORANDUM **
Plaintiff Marchand sued Moses Lake, Grant County, and other defendants. He recovered $7,000 from Moses Lake, “plus reasonable attorney s[sic] fees and costs incurred by the plaintiff for the claims against Moses Lake,” (emphasis added) pursuant to an offer of judgment. He nevertheless sought all of his attorney’s fees from Moses Lake, amounting to $100,203.68. Marchand admits that the *321 “lion’s share” of the fees were incurred to prove Grant County’s alleged medical negligence. The district court did not abuse its discretion in assessing $18,500 in attorney’s fees against Defendant City of Moses Lake.
“[A] court abuse[s] its discretion in not apportioning fees ‘when the time expended by the plaintiff in pursuing each defendant [is] grossly unequal.’ ” El-Hakem v. BJY, Inc., 415 F.3d 1068, 1075 (9th Cir.2005) (quoting Corder v. Gates, 947 F.2d 374, 383 (9th Cir.1991)). “Apportionment is mandated in these situations in order to ensure that a defendant is not liable for a fee award greater than the actual fees incurred against that defendant.” Jones v. Espy, 10 F.3d 690, 691 (9th Cir.1993).
The magistrate judge examined each expense to determine whether Marchand’s attorneys had spent their time pursuing Moses Lake or another defendant. He properly awarded only those fees that Marchand incurred to pursue Moses Lake. We therefore affirm the district court’s order.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.